**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000594
27-DEC-2013
09:32 AM**

NO. CAAP-13-0000594

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DAVID BROWN, Plaintiff-Appellant,
v.
STATE OF HAWAIʻI, et al., Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-1193)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Upon review of the record, it appears that this court does not have jurisdiction over Plaintiff-Appellant David Brown's appeal from a first circuit court judgment in favor of Defendant-Appellee State of Hawaiʻi, and two other circuit court rulings (judgment and other rulings hereinafter collectively referenced as "Appealed Rulings"), because the Appealed Rulings are not independently appealable, and the circuit court has not yet entered an appealable final judgment on all claims and parties pursuant to Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP).

HRS § 641-1(a) (1993 & Supp. 2010) authorizes appeals from final judgments, orders, or decrees. Appeals under

HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Id. (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the mount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added). When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). A judgment that does not specifically identify the claims on

which it enters judgment requires an appellate court to search the often voluminous record on appeal in order to determine the specific claims on which judgment is entered, and, as the Supreme Court of Hawai'i has explained, "we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58." Id. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (emphasis added).

The June 4, 2013 judgment resolved the claims against the State of Hawai'i, but did not explicitly address the claims against Melanie Chinen and other parties, and as such, it does not, on its face, resolve claims of all the parties. Although the June 4, 2013 judgment contained language that "[t]here are no claims, parties nor issues remaining in the case[,]" as Jenkins explained, such a statement is not a judgment, and the judgment should explicitly dismiss other claims individually or by reference to all other claims. Jenkins, 76 Hawai'i 115, 119-20, 869 P.2d 1334, 1338-39.

Where the June 4, 2013 judgment is not a final judgment, the Appealed Rulings are not eligible for appellate review[1] unless they qualify for appealability under one of the three exceptions to the HRCP Rule 58 separate judgment rule: (1) the collateral order doctrine, (2) the Forgay doctrine, or

---

[1] " An appeal from a final judgment 'brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case.'" Ueoka v. Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005), quoting Pioneer Mill Co., Ltd. v. Ward, 34 Haw. 686, 694 (1938).

(3) HRS § 641-1(b) (1993 & Supp. 2012).

The Appealed Rulings do not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Therefore, the Appealed Rulings are not appealable.

Absent an appealable separate judgment, Appellant Brown's appeal is premature, and we lack appellate jurisdiction over appellate court case number CAAP-13-0000594. Accordingly,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0000594 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, December 27, 2013.

Chief Judge

Associate Judge

Associate Judge

-4-